LOUIS DUBOIS, Respondent, *v.* W. H. M. SISTARE, Appellant, Impleaded, etc.

*A denial which presents the question, whether the defendant is liable to arrest raises a material issue.*

A complaint alleged that the defendants held in their possession certain shares of corporate stock for, and which belonged to, the plaintiff. That the plaintiff had tendered to the defendants a certain sum due to the defendants from him on account of such stock, and had demanded a delivery of the stock, of which part had been delivered, but the balance the defendants neglected and refused to deliver, and as to such part it was averred " that the defendants have wrongfully detained and converted the same to their own use." This last allegation was denied by the defendants' answer.

*Held,* that such denial created a material issue in which was involved the liability of the defendants to personal arrest, and that such denial could not be properly stricken out.

APPEAL by the defendant W. H. M. Sistare from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 12th day of December, 1890, overruling the amended answer of the said defendant Sistare as frivolous and ordering judgment thereon.

The complaint alleged that the defendants were stockbrokers and had bought on commission certain stocks for the plaintiff, and that the plaintiff had tendered to the defendants the amount due to them and demanded the delivery of such stocks, but that the defendants "have neglected and refused, and still neglect and refuse, to deliver to him the remainder of said securities, namely, five thousand shares of the capital stock of the Horn Silver Mining Company and fifteen hundred shares of the capital stock of the Iron Silver Mining Company; that no part of the same have been delivered to this plaintiff, but that the defendants have wrongfully detained and converted the same to their own use, with damage to the plaintiff in the sum of twenty thousand dollars."

The answer in question admitted certain allegations of the complaint to the effect that the plaintiff had had dealings with the defendants' firm, which had purchased for and on account of the plaintiff upon commission various stocks or shares in mining companies, and that said transactions were had upon margin; and for a further answer the defendants denied the allegation "that the defendants have wrongfully detained and converted the same (meaning the 5,000 shares of the Horn Silver Mining Company and 1,500 shares of the Iron Silver Mining Company) to their own use."

*Henry S. Bennett,* for the appellant.

*Alexander B. Simonds,* for the respondent.

DANIELS, J.:

The complaint sets forth various dealings between the parties in certain mining stocks, and alleges that the defendants held in their possession, for and belonging to the plaintiff, 6,000 shares of the Little Chief Mining Company, 5,000 shares of the Horn Silver Mining Company and 1,500 shares of the Iron Silver Mining Company. It was also alleged that the plaintiff had tendered to the defendants the balance due to them from him, and demanded the

delivery of the stock. And that they had delivered to him the 6,000 shares of the Little Chief Mining Company stock, but neglected and refused to deliver the remainder. And the averment is then made "that the defendants have wrongfully detained and converted the same to their own use." This averment has evidently been made to legally characterize the defendants' act in neglecting and refusing to deliver the detained shares of stock. It charged a conversion, which before was, at most, left to mere inference, and may be presumed to have been added, to avoid all uncertainty from what had been previously set forth. The object was to implicate the defendants in a positive wrong, for which, if it shall be maintained, they may be personally taken in execution. This was as pointedly denied by the answer, which has been stricken out. For in its third subdivision, the allegation that the defendants have wrongfully detained and converted the 5,000 shares of the Horn Silver Mining Company and the 1,500 shares of the Iron Silver Mining Company to their own use, has been denied. This denial created a material issue, including the liability of the defendants to personal arrest. And it could not regularly be stricken out. (*Farmers' Nat. Bk.,* etc., v. *Leland,* 50 N. Y., 673.) But it should be tried in the ordinary course prescribed for that object.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied.

VAN BRUNT, P. J.:

It seems to me that the fact that the respondent found it necessary to present so elaborate a brief upon this appeal shows conclusively that the answer was not frivolous. I concur in the reversal of the order, with costs.

BRADY, J., concurred.

Order reversed, with ten dollars costs and disbursements, and the motion denied.